**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jacqueline MAISONET, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-cv-6320 |
| DURACO, Inc., | ) Judge Robert M. Dow, Jr. |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss [22] pursuant to Federal Rule of Civil Procedure 12(b)(1) Count I of Plaintiffs' first amended complaint [19], which alleges sex-based employment discrimination in violation of Title VII of the Civil Rights Act. For the reasons stated below, Defendant's motion to dismiss [22] is denied.

**I.  Background**[1]

On August 10, 1989, Plaintiff Jacqueline Maisonet was hired by Defendant Duraco, Inc. as a production scheduler. From 1989 until 2005, Maisonet reported to Duraco's then-production manager, Mark Healey. In February 2005, Healey was promoted to a different position, and Maisonet assumed the duties formerly associated with Healey's role as production manager. Maisonet did not, however, assume the title of production manager, nor did she receive any of the benefits associated with that position, including salary, 401(k) contributions, and bonuses.

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999).

Duraco was acquired by Filtrona, PLC in May 2007. Maisonet alleges that both before and after the acquisition, she repeatedly brought to management's attention that she had assumed all of her predecessor's former duties without the correlative compensation. She also met twice with Duraco's president, Brett York, and vice-president of manufacturing, Carl Johnson, regarding the disparity between her job duties and compensation and her predecessor's. During the first meeting, York and Johnson refused to address the disparity, and York stated that the fact that Healey was overpaid did not mean that Maisonet was underpaid. During the second meeting, Maisonet told York and Johnson that she believed there was a "huge difference" between her salary and the salaries of her male peers. York and Johnson responded that it would be devastating to those male peers to receive Maisonet's salary and that the male peers' salary could not justify raising Maisonet's or giving her a bonus. Maisonet's complaints were never met with a promotion, and her titles, duties, and compensation remained the same with the exception of a "nominal raise." Shortly after Duraco's acquisition, management advised her to be patient until the new executive team had a chance to review her position.

Maisonet further alleges that both before and after Duraco's acquisition, the work environment at the company was hostile to women. There were no women in management in the production side of the company, which Maisonet describes as a "boys' club." The former vice-president of finance, Michael Koenig, told Maisonet that, "[i]t's called 'management' for a reason. There are no women in management, only men[,] * * * especially here at Duraco." [19, at ¶ 14 (ellipsis in original)]. Male employees allegedly subjected and continue to subject Maisonet and other female employees to demeaning and offensive remarks as well as to sexually suggestive language.

Maisonet filed a charge of sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). The EEOC issued Maisonet a Notice of Right-to-Sue on July 11, 2009, and Maisonet timely filed the instant suit on October 8, 2009.[2]

## II. Legal Standard on a Rule 12(b)(1) Motion

Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The burden of establishing that a district court has proper jurisdiction of an action lies with the plaintiff. *Transit Express*, 246 F.3d at 1023. A defendant arguing that the plaintiff has not met this burden with respect to an action (or a claim) may move for dismissal under Rule 12(b)(1) on the ground that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In evaluating a motion brought pursuant to Rule 12(b)(1), the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999).

## III. Analysis

Maisonet's first amended complaint [19] asserts two counts against Duraco. Count I of the complaint alleges that Duraco discriminated against Maisonet because of her sex by (1)

---

[2] In a footnote in its reply brief, Duraco suggests that "any alleged failure to promote that occurred beyond the 300-day EEOC charging deadline" would be time-barred. However, Duraco does not explicitly state that Maisonet has made such allegations, nor does it at any point base its Rule 12(b) motion on the ground that Maisonet's claims are untimely.

3

refusing to give her a management title for performing the same management duties as her male predecessor (who had a management title), and (2) subjecting her to unequal terms and conditions of employment. As a result, Maisonet contends, she lost pay, benefits, promotions, and promotional opportunities in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* Count II of the complaint alleges that Duraco violated the Equal Pay Act, 28 U.S.C. § 209(d), by paying Maisonet less than her male predecessor for the same type of work.

Duraco has moved to dismiss [22] Count I of the complaint on the ground that Maisonet's failure-to-promote claim is beyond the scope of her underlying EEOC charge.[3] Duraco contends that the EEOC charge does not allege that Maisonet was denied promotions or promotional opportunities because of her sex, nor does it reference any job openings or other facts that would convey the impression that Maisonet sought a promotion and was passed over because of her sex. Duraco argues that because those allegations were not before the EEOC, Maisonet has not exhausted her administrative remedies with respect to the failure-to-promote claim. As a result, Duraco contends, this Court lacks subject matter jurisdiction and the claim must be dismissed under Rule 12(b)(1).[4]

A plaintiff asserting an employment discrimination claim in federal court under Title VII must first file an EEOC charge in order to give the EEOC an opportunity to investigate and settle

---

[3] Duraco does not move to dismiss those portions of Count I that allege unequal pay in violation of Title VII.

[4] In its motion to dismiss [22], Duraco argues that, to the extent that Count I included a sexual harassment claim, that claim must be dismissed because it is outside the scope of Maisonet's EEOC charge. Maisonet responded [30] that the complaint does not assert a sexual harassment claim under Title VII, but merely alleges that male employees subjected women employees to demeaning, offensive, and sexually suggestive language to further support the mental state requirement of Maisonet's sex discrimination claim. Insofar as Plaintiff concedes that she does not raise a sexual harassment claim, the Court disregards the portions of Defendant's motion that argue for dismissal of such a claim.

the dispute. *Chambers v. Am. Trans Air*, 17 F.3d 998, 1003 (7th Cir. 1994). A subsequently filed Title VII federal complaint must fairly encompass the claims asserted in the underlying EEOC charge. See *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (1985); *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc). Allegations in a federal complaint need not be identical to those in the underlying EEOC charge to be within the scope of the charge. See *Babrocky*, 773 F.2d at 865-66 (holding that "an exact correspondence between the words of the EEOC charge and the judicial complaint" is not required in a Title VII scope-of-the-charge analysis). However, the Seventh Circuit in *Jenkins* stated that the claims asserted in the EEOC charge and in the federal complaint must be "like or reasonably related" to one another to satisfy the administrative exhaustion requirement. *Jenkins*, 538 F.2d 167. The *Jenkins* standard is met when there exists "a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek*, 31 F.3d at 500.

Courts are to construe the "like or reasonably related" standard liberally to effectuate the remedial purpose of Title VII and to account for the layperson's status of most of those who invoke it:

> The Civil Rights Act is designed to protect those who are least able to protect themselves. Complainants to the EEOC are seldom lawyers. To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected * * *.

*Jenkins*, 538 F.2d at 167-68 (quoting *Willis v. Chicago Extruded Metals Co.*, 375 F. Supp. 362, 365-66 (N.D. Ill. 1974)); see also *Babrocky*, 773 F.2d at 863 (holding that "equitable

5

considerations are available to temper the effect on litigation" of technical requirements like scope-of-the-charge in light of Title VII's remedial purpose); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (ruling that *pro se* allegations are held "to less stringent standards than formal pleadings drafted by lawyers"); *Love v. Pullman*, 404 U.S. 522 (1972) (holding that "procedural technicalit[ies] * * * are particularly inappropriate in [the Title VII] statutory scheme in which laymen, unassisted by trained lawyers, initiate the process"). Thus, a court conducting a *Jenkins* inquiry should consider whether any alleged omissions in the charge are "just technical defects" or whether they "thwart the basic purpose of requiring a charge, which is to give the employer 'some warning of the complained-of conduct' and afford 'the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 528 (7th Cir. 2003) (quoting *Cheek*, 31 F.3d at 500 (internal brackets omitted)).

In *Jenkins*, the *pro se* plaintiff filed a federal complaint alleging race- and sex-based employment discrimination that the defendant contended was beyond the scope of the plaintiff's underlying EEOC charge. 538 F.2d at 165. In the section of the form for her charge that asked the basis of discrimination suffered, the plaintiff checked a box indicating "Race or Color," but did not check the box labeled "Sex." *Id.* at 167. The charge itself stated that the plaintiff's supervisor had denied her a promotion because of her Afro hairstyle. *Id.* The charge also stated that the supervisor had accused the plaintiff of being "the leader of the girls on the floor" and had denied a white female employee a promotion presumably because of her association with the plaintiff. *Id.* In an en banc decision, the Seventh Circuit determined that the charge's reference to denial of a promotion based on plaintiff's Afro was enough to support the charge of racial discrimination in the federal complaint. *Id.* at 168. Noting that "lay persons were not to be

6

denied access to the federal courts because of a technical failure," the court further held that a claim of sex-based discrimination was within the scope of the charge. *Id.* at 169. Specifically, the court held that although plaintiff failed to mark the "Sex" box on the EEOC charge form or make specific allegations that she was discriminated against because of her sex, her statements in the charge that the supervisor had accused her of being the "leader of the girls" and had denied a white female employee a promotion were like or reasonably related to the federal complaint's assertion of sex discrimination. *Id.* at 169.

The Seventh Circuit similarly has adhered to a liberal construction of the "like or reasonably related" standard with respect to failure-to-promote claims of sex discrimination. In *Babrocky*, for example, female meat-wrappers employed by Jewel Food Company filed an EEOC charge alleging that "the meat-cutter and [meat-]wrapper job classifications were sex-segregated." *Babrocky*, 773 F.2d at 864-65. The plaintiffs subsequently filed a federal complaint alleging that Jewel maintained "discriminatory hiring, firing, recruiting, transfer, and promotion practices as well as * * * unequal pay * * *." *Id.* at 864. The district court dismissed the failure-to-promote claim on the ground that it was beyond the scope of the underlying charge. On appeal, the Seventh Circuit reversed, holding that the EEOC charge "indicated possible discriminatory misuse of the seniority system," and that the discriminatory policies alleged in the federal complaint were in fact "quite closely linked to the charge of segregating job classifications by sex." *Id.* 865. The court of appeals deemed the district court's dismissal to have been based on an "inexplicably crabbed" reading of *Jenkins* that erroneously required "an exact correspondence between the words of the EEOC charge and the judicial complaint." *Id.* at 865-66.

By contrast, in *Chambers*, the plaintiff's underlying EEOC charge alleged that the plaintiff's male co-workers "were paid more money" and that the plaintiff "wrote asking that the inequity be corrected," to no avail. *Chambers*, 17 F.3d at 1003. The plaintiff's Title VII suit alleged that she was discriminated against by virtue of unequal pay and denial of promotions. *Id.* The Seventh Circuit, affirming the district court's grant of summary judgment for the defendant, ruled that the complaint's allegation that the company discriminatorily failed to promote women could not be said to have grown out of the charge's allegations that male coworkers were paid more and that the plaintiff's requests to balance the inequity were rejected. *Id.*

Similarly, in *Egan v. Palos Community Hospital*, the court granted summary judgment for the defendant on the ground that the plaintiff's failure-to-promote claim was beyond the scope of the underlying EEOC charge. 889 F. Supp. 331, 337-38 (N.D. Ill. 1995). The charge recited with specificity numerous events over the course of several years that purported to show that the defendant discriminated against the plaintiff because of her age by steadily demoting the plaintiff, reducing her pay, taking away job responsibilities and benefits, and verbally harassing her. 889 F. Supp. 331, 337-38. The plaintiff submitted with the charge a memorandum that she had sent to her supervisor stating that she was "eager to take on increased and new responsibilities." *Id.* at 337. The charge did not, however, refer to job openings that had been filled by others "*or anything else that would convey the impression that Egan sought a particular position and was passed over.*" *Id.* at 388 (emphasis added). The plaintiff's federal complaint, by contrast, expressly asserted a failure-to-promote claim. *Id.* at 334. The court found that the plaintiff's "expressing a desire to take on 'increased and new responsibilities' is a far stretch from suggesting that [she] has unjustly been denied promotion opportunities. *This is particularly true where, as here, the allegations of the EEOC charge complain of projects and*

8

*responsibilities being taken away from Egan."* Id. at 338 (emphasis added). *Id.* at 339. The court therefore held that the failure-to-promote claim had not properly been asserted in the EEOC charge and that summary judgment on the claim was warranted. *Id.*

In the instant case, Maisonet filed an EEOC charge *pro se* on July 11, 2009. The charge stated that she had been discriminated against because her pay and benefits as production scheduler were unequal to those of her predecessor, Mark Healey, who had held the post of production manager. Maisonet's first amended complaint [19] alleges that Duraco discriminated against Maisonet "in failing and refusing to give her a management title for performing managerial duties and responsibilities performed by her male predecessor (who was granted a management title."[5] Duraco argues that the allegations in the complaint are not like or reasonably like those in the EEOC charge because there was no mention in the charge of being denied a promotion or promotional opportunities, nor any allegation "that would convey the impression that plaintiff sought a particular position and was passed over in favor of non-similarly situated employees." [23, at 5.] In response, Maisonet contends that the failure to promote claim is like or reasonably related to the EEOC charge because both tie the differences in compensation and benefits between Maisonet and her male predecessor, Healey, to the fact that she was a production scheduler whereas he was a production manager – a more senior position to which Duraco did not promote Maisonet even though she had assumed the responsibilities that it entailed.

---

[5] Maisonet's original complaint [1], which she filed *pro se*, alleged discrimination based on unequal pay but does not allege discrimination based on Duraco's failure to promote her. At some point after filing her original complaint, Maisonet obtained representation through the Chicago-Kent Law Offices, a law school clinic, which filed a first amended complaint [19] on her behalf that, *inter alia*, added an explicit failure-to-promote claim.

9

The Court finds Maisonet's argument to be the more compelling of the two. Although Maisonet effectively concedes that the underlying charge does not allege a failure to promote *in haec verba*, an exact correspondence between the language of the charge and that of the complaint is not required. *Babrocky*, 773 F.2d at 865-66. Nevertheless, the allegations in the charge are such that it would be reasonable to assume that the EEOC would have investigated whether Duraco denied Maisonet promotional opportunities. See *Cheek*, 31 F.3d at 502. For example, unlike the plaintiff in *Chambers*, Maisonet's charge did not simply make a blanket allegation of unequal pay among all male and female coworkers. *Chambers*, 17 F.3d at 1003. Nor, as in *Egan*, did Maisonet's charge allege that Maisonet had expressed a general interest in assuming added job responsibilities only to instead be demoted. See *Egan*, 889 F. Supp. at 337-38. Rather, Maisonet's charge complained *specifically* of disparities between the terms and conditions of her position as production scheduler and those of the management-level predecessor whose responsibilities she had assumed.

In sum, Maisonet's allegations regarding unequal pay based on her sex were tethered directly to a particular male individual who had carried a particular title more senior than her own before he was promoted and she took on his job duties without a promotion. The charge thus conveys the impression that Maisonet sought a particular position – production manager – and was not promoted to that position. See *id.* at 388. As such, the valence of Maisonet's charge "indicated possible discriminatory misuse of the seniority system." *Babrocky*, 773 F.2d at 865. The allegations in the complaint that Duraco failed to promote Maisonet are clearly like or reasonably related to the allegations of the charge and grow out of the charge's allegations. See *Jones*, 538 F.2d at 167 (quoting *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971). Duraco's motion to dismiss for want of subject matter jurisdiction accordingly is denied.

**IV.    Conclusion**

For the foregoing reasons, Defendant's motion to dismiss [22] Plaintiff's first amended complaint [19] under Rule 12(b)(1) is denied.

Dated: November 23, 2010

_____
Robert M. Dow, Jr.
United States District Judge